IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> SOUTHWEST VIRGINIA COMMUNITY ) <br> HEALTH SYSTEM, INC. ) <br> ) <br> ) <br> **Defendant.** ) | CIVIL ACTION NO. 7:12CV242 <br> **COMPLAINT** <br><br> **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, female and to provide appropriate relief to Karen Ross, who was adversely affected by such practices. Plaintiff, the U.S. Equal Employment Opportunity Commission (the "EEOC" or the "Commission") alleges that Defendant Southwest Virginia Community Health System, Inc. ("Defendant"), subjected Karen Ross ("Ross") to a sexually hostile work environment because of her sex, female.

JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Virginia, Roanoke Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Virginia corporation, doing business in the state of Virginia and the city of Troutdale, in Grayson County and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ross filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit has been fulfilled.

7. From around April 2009 through December 9, 2009, and again from around June 8, 2010 through around September 15, 2010, Defendant engaged in unlawful employment practices at its facility in Troutdale, Virginia (hereafter "the facility"), in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1). Specifically, Defendant subjected Ross to sexual harassment that created a sexually hostile work environment based on her sex, female.

2

The harassment was perpetrated by a male patient of the facility. During the relevant time, Ross worked as a receptionist at the facility.

8. The sexual harassment was severe or pervasive in that it involved sexually offensive comments made every time the patient interacted with Ross. The patient, who had direct contact with Ross whenever he visited or telephoned the facility, would engage in the complained of conduct both when he visited and when he telephoned the facility. The patient's visits and/or calls to the facility occurred at least every few weeks.

9. The offensive sexual comments from the patient included, but were not limited to such things as telling Ross that he wanted her to run away with him; that she was beautiful; that she had bedroom eyes and he would like to see her in his bedroom with those eyes; that he would like to lie on a beach with her; and that he wanted to lie naked in the sand with her. The patient also commented to Ross about such things as he and Ross not being virgins and about wanting Ross's "long legs" to be wrapped around him. Sometimes when the patient called the facility and Ross answered the call, the patient would tell Ross that although he could not see her, he was visualizing her naked, or he would ask Ross what she was wearing.

10. Ross was offended by the conduct and took steps to try to avoid it, such as transferring the patient's phone call to someone else when possible, or leaving her desk when possible when the patient was in the facility. However, despite her efforts, Ross was nonetheless subjected to sexual harassment by the patient.

11. Ross repeatedly complained to her supervisor about the sexual harassment she was being subjected to by the male patient throughout the period of the harassment. Also, the supervisor observed the male patient make inappropriate sexual remarks to Ross on one or more occasions. Although Defendant knew or reasonably should have known about the harassment,

Defendant took no action to stop the harassment and the harassment continued until Ross's husband made a complaint on Ross's behalf to one of Defendant's managers. On information and belief, the male patient was released by Defendant after this complaint.

12. The effect of the practices complained of above has been to deprive Ross of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female.

13. The unlawful employment practices complained of above were intentional.

14. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ross.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment or from any other employment practice that discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Ross whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

D. Order Defendant to make Ross whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including

but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

    E.    Order Defendant to pay Ross punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

    G.    Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 6th day of September, 2012.

        Respectfully submitted,

        P. DAVID LOPEZ
        General Counsel

        JAMES L. LEE
        Deputy General Counsel

        GWENDOLYN YOUNG REAMS
        Associate General Counsel

        LYNETTE A. BARNES
        Regional Attorney
        Charlotte District Office
        129 W. Trade Street, Suite 400
        Charlotte, NC  28202

        TRACY HUDSON SPICER
        Supervisory Trial Attorney
        Equal Employment Opportunity Commission
        131 M Street, N.E.
        Washington, D.C.  20507

        /s Suzanne L. Nyfeler
        SUZANNE L. NYFELER
        VA Bar No. 40450
        Senior Trial Attorney
        Richmond Local Office
        830 East Main Street, Suite 600
        Richmond, Virginia 23219
        Telephone:     (804) 771-2215
        Facsimile       (804) 771-2222
        suzanne.nyfeler@eeoc.gov

        **ATTORNEYS FOR PLAINTIFF**